**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 1 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROY J. WHITEHEAD,

     Plaintiff-Appellant,

v.

JEB E. BUSH, Florida Governor; DON
HUNTER, Collier County Sheriff; BILL
OWENS, Colorado Governor; JOHN
DOE,

     Defendants-Appellees.

No. 03-1030

(D.C. No. 02-Z-2167)

(D. Colorado)

### ORDER AND JUDGMENT[*]

Before **KELLY**, **BRISCOE** and **LUCERO,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Roy J. Whitehead, a state prisoner appearing pro se, appeals the district court's dismissal of his complaint filed pursuant to 42 U.S.C. § 1983. We affirm.

Whitehead filed his § 1983 action on November 19, 2002, alleging violation of his constitutional rights. He sought vacation of his criminal convictions in Colorado and Florida, dismissal of a civil commitment proceeding in Florida, removal of a computer chip that had been implanted in him without his permission, and destruction of all information gathered by the computer chip, as well as money damages. The district court found that, to the extent Whitehead sought vacation of his criminal convictions, his sole federal remedy was a 28 U.S.C. § 2254 habeas action. Construing the habeas claims liberally, the court found that Whitehead failed to allege that he had exhausted his state remedies. The court further found that his claims for damages challenging the validity of his criminal convictions were barred by Heck v. Humphrey, 512 U.S. 477 (1994). Whitehead's claims with regard to the computer chip were dismissed as legally frivolous. Pursuant to Younger v. Harris, 401 U.S. 37, 44 (1971), the court abstained from exercising jurisdiction over whatever claims Whitehead was asserting as to the civil commitment proceedings in Florida.

We AFFIRM the district court's dismissal of Whitehead's § 1983 complaint for substantially the same reasons as stated in the court's order filed December 27, 2002. Whitehead's motion to proceed in forma pauperis on appeal is DENIED and the unpaid balance of the filing fee is due immediately. Whitehead's motion for default judgment is

2

DENIED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge